IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LESLIE E. ALLEN, | ) | Civ. NO. 06-00125 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING PLAINTIFF'S |
| vs. | ) | CLAIM FOR INJUNCTIVE RELIEF; |
| | ) | ORDER GRANTING APPLICATION TO |
| MILES MURAKAMI; DEANNA | ) | PROCEED WITHOUT PREPAYMENT |
| ESPINAS; JANICE KALUA, | ) | OF FEES |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF;
ORDER GRANTING APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES

I.    INTRODUCTION.

On May 1, 2006, Plaintiff Leslie E. Allen ("Allen"), appearing pro se, filed his First Amended Complaint ("FAC"), claiming that Defendants Miles Murakami, Deanna Espinas, and Janice Kalua (collectively, "Defendants"), in their individual and official capacities, violated his constitutional right to access the courts while he was incarcerated at Halawa Correctional Facility ("HCF").  Specifically, Allen asserts that he wants to file an action against Defendants for allegedly violating the Americans with Disabilities Act (ADA), for filing false charges against him, and for "cover[ing] everything up," but that he "could not file a legitimate claim because the law library was inadequate."  Allen asks this court to order Defendants to "[m]ake the law library adequate."  Allen also says he seeks monetary damages from Defendants.

On May 24, 2006, this court filed an order to show cause why the FAC should not be dismissed for lack of standing to seek injunctive relief, as Allen is no longer incarcerated at HCF. On June 29, 2006, Allen filed an opposition to this court's order, arguing that he has standing because he "is currently on parole" and therefore "is still under the direct supervision of the State of Hawaii." He also speculates that, if he violates his conditions of parole and is consequently sent back to HCF, he will again be limited by HCF's inadequate law library. Finally, Allen contends that he has standing to seek injunctive relief because he seeks to represent a class of inmates currently incarcerated at HCF and forced to use the allegedly inadequate law library. Because Allen is no longer incarcerated at HCF, the court concludes that Allen's claim for injunctive relief is moot.

Also before the court is Allen's application to proceed without prepayment of fees, which the court grants.

II.   BACKGROUND.

On March 1, 2006, while incarcerated at HCF, Allen filed the original complaint, alleging that Defendants had violated 42 U.S.C. § 1983 by maintaining an inadequate law library at HCF. Complaint at 4-5. On March 31, 2006, this court dismissed that complaint for failure to state a claim and granted Allen leave to file an amended complaint, stating that "Allen may

not reassert damage claims against Defendants in their official capacities." Order Dismissing Complaint at 8.

On May 1, 2006, Allen filed the "Class Action – Jury Trial Demanded" FAC. FAC at 1. Allen says that, while he was incarcerated at HCF, he wanted to file "a non-frivolous claim" against Defendants for violations of the ADA, for filing false charges against him, and for "cover[ing] everything up." FAC at 3. Allen alleges that he was unable to file such a claim against Defendants because the HCF law library was inadequate. Specifically, he claims that books have not been recently updated, some books are inaccessible because they are on "closed reserve," the law library's configuration makes it "very difficult to ascertain what reference materials are available," and there is no card catalog. Ex. A (attached to FAC) at 1. In the FAC, Allen prays for only injunctive relief, apparently in light of the court's earlier ruling that he could not reassert damage claims against Defendants in their official capacities. However, the FAC says that Allen is suing Defendants in both their official and individual capacities. Under the circumstances of this case, this court reads the FAC as also asserting damage claims against Defendants in their individual capacities.

On May 4, 2006, Allen filed his application to proceed without prepayment of fees, in which he stated that he was no

longer incarcerated at that time. Application at 1. Allen is currently on parole. Opp. to Order to Show Cause at 2.

III.     LEGAL STANDARD.

Article III, section 2, of the Constitution confines federal courts to deciding cases or controversies. The Ninth Circuit says, "As a prerequisite to our exercise of jurisdiction, we must also satisfy ourselves that this case is not moot." Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1173 (9th Cir. 2002). "An actual controversy must exist at all stages of the litigation. When a controversy no longer exists, the case is moot." Id. Because mootness is a jurisdictional issue, a court may raise it sua sponte. Gator.Com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th Cir. 2005) ("Because mootness is a jurisdictional issue, we are obliged to raise it sua sponte." (internal citation omitted)).

IV.     ANALYSIS.

   A.   The Court Dismisses Allen's Claim for Injunctive Relief.

In this court's order to show cause, the court stated, "Because Allen is no longer incarcerated at HCF, the court is concerned about whether any injunctive relief may be ordered against Defendants." Order to Show Cause (5/24/2006) at 3. This court ordered Allen "to show cause why this action should not be dismissed for lack of standing." Order to Show Cause (5/24/2006) at 3. In response, Allen argues that he has standing because he

was incarcerated when he filed the original complaint, he "is still under the direct supervision of the State of Hawaii" as he is currently on parole, and he seeks to represent a class of inmates currently incarcerated at HCF.  Opp. to Order to Show Cause at 2.  The court concludes that Allen's claim for injunctive relief is moot because he is no longer incarcerated at HCF and because he has not shown a reasonable expectation or a demonstrated possibility that he will return to HCF.

For a federal court to exercise jurisdiction, "[a]n actual controversy must exist at all stages of the litigation." Biodiversity Legal Found., 309 F.3d at 1173; see also Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). "When a controversy no longer exists, the case is moot." Biodiversity Legal Found., 309 F. 3d at 1173.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982).  An exception to the general rule exists for cases that are "capable of repetition, yet evading review." Id. at 482.  "The 'capable of repetition, yet evading review' exception to mootness applies only when (1) the challenged action is too short in duration to be fully litigated before cessation or expiration, and (2) there

is a reasonable expectation that the same complaining party will be subjected to the same action again." Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir. 2000).  To satisfy the "capable of repetition yet evading review" exception, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party.'" Murphy, 455 U.S. at 482.

The Ninth Circuit has addressed this issue numerous times.  For example, in Cooney v. C.R. Edwards, 971 F.2d 345, 346 (9th Cir. 1992), Donald R. Cooney ("Cooney"), a federal prisoner, filed suit against federal employees, asserting that they had violated his Fifth Amendment right to due process and inappropriately touched him.  On appeal, the Ninth Circuit noted that Cooney had been released on parole and was no longer incarcerated.  Id. at 346.  The Ninth Circuit held, "Because Cooney is no longer incarcerated, his claims for injunctive relief are either moot or not ripe." Id.  The court affirmed the district court's dismissal of those claims, noting, "If Cooney's parole is later revoked, his action for injunctive relief may become ripe." Id. at 346 n.2.

In Darring v. Kincheloe, 793 F.2d 874, 875-76 (9th Cir. 1985), David Darring ("Darring"), a prisoner at the Washington State Penitentiary, filed an action against the superintendent of that penitentiary under 42 U.S.C. § 1983, asserting that he had

6

been denied his constitutional right to access the courts and seeking injunctive relief.  The district court concluded that Darring's request was moot because he had been transferred to a different prison after filing his complaint.  The Ninth Circuit agreed with the district court that there was "neither a 'reasonable expectation' nor 'demonstrated probability' that Darring will again return to the [Washington] State Penitentiary."  Id. at 876.

Similarly, in Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991), Martin Allen Johnson ("Johnson"), who was incarcerated at a Washington state corrections center, filed an action against the correction center's superintendent, seeking "injunctive relief from the 'publisher's only' rules' application to softcover books and from [the correction center's] smoking policy."  Id.  However, after filing his appeal to the Ninth Circuit, Johnson was transferred to a federal prison in Arizona. Id.  The Ninth Circuit concluded that, "[b]ecause [Johnson] has demonstrated no reasonable expectation of returning to [the correction center], his claims for injunctive relief relating to [the correction center] are moot."  Id.

Schaurer v. Fogg, 885 F. Supp. 28, 31 (N.D.N.Y. 1995), is analogous to the present case.  Marvin H. Schaurer ("Schaurer") filed suit against various state officials while he was incarcerated at the Eastern New York Correctional Facility,

claiming violations of his civil rights. Id. at 30. Subsequent to filing suit, Schaurer was released from the correctional facility on parole. See id. at 31. The defendants filed a motion for summary judgment, arguing that Schaurer's claim for injunctive relief was moot because he was "no longer incarcerated." Id. at 31. Schaurer argued that he was still on parole and might return to the correctional facility if he violated conditions of his parole. The district court dismissed Schaurer's claim, reasoning:

> Schaurer could not possibly benefit from an injunction since he is no longer incarcerated . . . . After a prisoner has been released, his request for an injunction restraining prison officials from violating his civil rights is moot. Schaurer's argument that the issues presented are still "live" because he can be imprisoned for violation of his parole is unpersuasive. By Schaurer's logic anyone would have standing to sue for an injunction against prison conditions because they might someday be incarcerated. Therefore, Schaurer's claims for injunctive relief are dismissed for mootness.

Id. (internal citation omitted).

Allen argues that, although he is no longer incarcerated at HCF, this court has jurisdiction over his claims because he filed the lawsuit while he was incarcerated. Opp. to Order to Show Cause at 2-3. However, even if this court had jurisdiction over Allen's injunctive relief claim at the time this lawsuit was filed, that claim may become moot at any time during the litigation. See Bernhardt v. County of Los Angeles,

279 F.3d 862, 871 (9th Cir. 2002) (noting that, even if a plaintiff has standing at the time her lawsuit commenced, her claims could become moot after filing the lawsuit).  Even assuming Allen's injunctive relief claim was not moot at the time he filed the original complaint, the court is unpersuaded that his claim remains "live."

The possibility that Allen may return to HCF if he violates the conditions of his parole does not keep jurisdiction alive.  Now that Allen is out on parole, he is free to use other libraries and is no longer limited to the allegedly inadequate library at HCF.  Thus, as in Schaurer, 885 F. Supp. at 31, Allen would not benefit from the requested injunctive relief to "[m]ake the law library adequate."  That he may return to HCF if he violates his conditions of parole is based on mere speculation and does not establish a "reasonable expectation" or a "demonstrated probability" that he will return to HCF.[1]  See Murphy, 455 U.S. at 482.

Finally, Allen argues that, even if his individual claim for injunctive relief is moot, he has standing to request such relief on behalf of a class of prisoners currently incarcerated at HCF and who have no access to other libraries.  Opp. to Order to Show Cause at 2-3.  The court is unpersuaded.

---

[1] As in Cooney, 971 F.2d at 346 n.2, if Allen's parole is later revoked, his action for injunctive relief may become live. In that event, he should file a new action.

9

The Ninth Circuit says that "our law makes clear that 'if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.'" Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974)).  The court acknowledges that "one may still represent a class if one's individual claim is moot," but only if the representative plaintiff was "a member of the class at the time the class was certified." Kuahulu v. Employers Ins. of Wasau, 557 F.2d 1334, 1336 (9th Cir. 1977) (citing Sosna v. Iowa, 419 U.S. 393, 399 (1975)).  Furthermore, if a representative plaintiff's claim becomes moot after a class is certified, a district court may determine whether a substitute representative is available.  Id. at 1336–37.

The FAC designates itself as a "Class Action."  See FAC at 1.  Although Allen explained at the hearing that he would like to represent a class of HCF inmates, he has not yet moved for class certification, and this court has not certified a class.  Allen's claim for injunctive relief was moot at the time he filed the FAC, and no class was certified before the claim became moot.  Allen is foreclosed from proceeding with a claim for injunctive relief on behalf of HCF prisoners.[2]  See Lierboe, 350 F.3d at

---

[2] The court does not now decide whether Allen may represent a class regarding any claim for damages against Defendants sued

10

1022; Kuahulu, 557 F.2d at 1336. The court dismisses Allen's claim for injunctive relief.[3]

        B.    The Court Grants Allen's Application to Proceed Without Prepayment of Fees.

On May 4, 2006, Allen filed an application to proceed without prepayment of fees, even though he had paid his filing fee on March 1, 2006, when he filed his original complaint. At the hearing, Allen explained that he would like to be refunded that fee. The court grants Allen's application.

For his application to be granted, Allen must establish that he is a pauper. To do so, he must submit an affidavit that includes a statement of the assets he possesses and a statement that he is unable to pay the cost of this proceeding or give security therefor. 28 U.S.C. § 1915(a)(1).

In Allen's affidavit, he says that he is not currently employed and that he was last employed in 1994, when he earned "$250.00." He further states that he has a total of $400.00 in cash or in a checking or savings account. Allen's assets fall well below the 2006 federal poverty guidelines for Hawaii of $11,270 for an individual. See 71 Fed. Reg. 3848 (Jan. 24,

---

in their individual capacities.

   [3] This court's conclusion does not foreclose members of the class from commencing a suit on their own and seeking injunctive relief. See Kuahulu, 557 F.2d at 1338 ("Any member of the class may still commence a suit . . . and raise the exact constitutional question posed by appellant in the present suit. In other words, the slate is clean for a constitutional onslaught . . . if any class member chooses to bear the standard.").

2006). Accordingly, the court grants Allen's application to proceed without prepayment of fees.

V.      CONCLUSION.

The court dismisses Allen's claim for injunctive relief. This leaves for future adjudication Allen's claim for damages against Defendants sued in their individual capacities.

The court grants Allen's application to proceed without prepayment of fees. The Clerk of the Court is directed to refund Allen's filing fee.

The Clerk of the Court is directed to send this order to Allen at P.O. Box 75527, Kapolei, HI 96707, and to Mark Bennett, Attorney General of the State of Hawaii.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, July 18, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Allen v. Murakami, et al.**, **Civil No. 06-00125 SOM/KSC; ORDER DISMISSING PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF; ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES.**